1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   BRADFORD K. NEWMAN (SB# 178902) bradfordnewman@paulhastings.com
2  SHANNON S. SEVEY (SB# 229319) shannonsevey@paulhastings.com
   5 Palo Alto Square
3  Sixth Floor
   Palo Alto, CA 94306
4  Telephone: (650) 320-1800
   Facsimile: (650) 320-1900
5
   Attorneys for Plaintiff
6  ArcSoft Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11

12 ArcSoft Inc.,                        CASE NO. C07-03512

13           Plaintiff,                 **COMPLAINT FOR VIOLATION OF
                                        COMPUTER FRAUD AND ABUSE ACT
14     vs.                              AND RELATED COUNTS (INCLUDING
                                        REQUEST FOR INJUNCTIVE RELIEF
15 Paul Friedman,                       AND DAMAGES)**

16           Defendant.
                                        **JURY TRIAL DEMANDED**
17

18

19     NOW COMES Plaintiff ArcSoft Inc. ("ArcSoft"), by and through its counsel of record,

20 and as its Complaint against Defendant Paul Friedman ("Defendant" or "Friedman"), hereby

21 states as follows:

22              I.   **NATURE OF ACTION**

23     1.   This is an action for violation of the Computer Fraud and Abuse Act, 18 U.S.C.

24 §1030 *et seq.*, breach of contract, violation of California Penal Code Section 502, breach of

25 fiduciary duty and duty of loyalty, conversion, and unjust enrichment arising out of Defendant

26 Friedman's theft of ArcSoft's laptop computer and the intentional destruction of ArcSoft's

27 confidential and proprietary information.

28     2.   Upon learning of his termination for poor performance, Friedman stormed out of

COMPLAINT

Case No.

the termination meeting, stole his ArcSoft-issued laptop computer (the "Stolen Laptop"), locked it in his car, and refused to return the Stolen Laptop, even after ArcSoft involved the local police. After stealing ArcSoft's computer, Friedman retained it for approximately twenty-nine hours. ArcSoft is informed and believes, and thereupon alleges, that the Stolen Laptop contained confidential proprietary and trade secret data belonging to ArcSoft, including, but not limited to, engineering specifications for ArcSoft's mobile products, product road maps, strategic plans and forecasts, internal financial data, marketing documents, proprietary information regarding key contracts, and other strategic and financial data. ArcSoft is informed and believes, and thereupon alleges, that ArcSoft data existed on the Stolen Laptop that was not backed up or saved by Friedman to ArcSoft's computer network.

3. Prior to returning the Stolen Laptop, and during the time period it was unlawfully in his possession, Friedman, who holds a Computer Science degree and who is computer savvy, engaged in a series of unlawful conduct, including accessing the Stolen Laptop in unauthorized fashion, attempting to "hack" into ArcSoft's computer networks, and on information and belief, copying and removing data from the Stolen Laptop. Ultimately, Friedman loaded an erasing program onto the Stolen Laptop for purposes of wiping all data from it, and all evidence of what files were accessed, copied, removed and deleted.

4. Without immediate injunctive relief, requiring Friedman, among other things, to disclose under oath the methodology he used to wipe the data off of the Stolen Laptop, to identify the files he accessed and copied, to allow a third party to forensically image and preserve the data removed from the Stolen Laptop, and to identify who has been given access to (and what use has been made of) the ArcSoft data Friedman stole, copied, and destroyed, ArcSoft will suffer immediate and irreparable harm, as Friedman will have the ability to further dispose of, destroy and/or hide the remaining evidence of his wrongdoing, thereby denying ArcSoft the benefit of its stolen information, the ability to discover the whereabouts of its stolen data, and to recover it before further use is made, or access provided, by Friedman.

## II. SUBJECT-MATTER JURISDICTION AND VENUE

5. Jurisdiction of this Complaint is proper pursuant to 18 U.S.C. § 1030(g), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III. PARTIES AND PERSONAL JURISDICTION

7. Plaintiff ArcSoft is a California Corporation headquartered in Fremont, California. Defendant Friedman is a former ArcSoft employee and is, on information and belief, a resident of the State of California. Friedman was employed by ArcSoft for approximately three years, most recently as the Company's Vice President and General Manager, Europe. In this position, Friedman had access to highly confidential and proprietary information, including the detailed information described above.

## IV. FACTUAL ALLEGATIONS

### As A Leading Provider Of Multimedia Software And Firmware, ArcSoft Maintains Proprietary Information Its Employees Are Obligated To Protect

8. ArcSoft is a leading developer and provider of multimedia software and firmware solutions for personal computer, mobile device, and consumer electronics manufacturers, which includes innovative digital imaging technologies and multimedia solutions. The Company has an extensive line of products, tools, and technologies which includes everything from image enhancement, printing, video editing, DVD authoring, to embedded and mobile technologies. Its products are offered in multiple languages and can be found in device bundles throughout the world. ArcSoft is a privately held international company established in 1994, with offices in Fremont, California, Europe and Asia.

9. Over the course of years, ArcSoft has developed and maintained significant amounts of highly confidential information that is proprietary to it, including without limitation, data related to the areas discussed above. To protect this information, ArcSoft requires employees such as Friedman to sign ArcSoft's standard Employee Confidentiality Agreement. In this agreement, Friedman agreed to return and not retain, use, or disclose ArcSoft's proprietary

information following the termination of his employment. Friedman also executed and agreed to abide by ArcSoft's policies relating to the protection and proper treatment of its confidential and proprietary information and other property.

### Friedman Steals An ArcSoft Laptop Computer, Refusing To Return It Even After Being Informed By The Police He Was Committing A Felony

10. On or about June 26, 2007, ArcSoft informed Friedman that his employment was terminated effective that day. In response, Friedman began demanding an unreasonable severance payment of two years' compensation and benefits (he had only been employed for three years), and threatened that if ArcSoft did not agree to his demand for two years' of severance, that he would make things "very unpleasant" for ArcSoft.

11. When he was informed that his threats would not lead to two years of severance, Friedman returned to his office, grabbed the computer ArcSoft had issued to him for use during his employment, locked it in his car, and refused to return it, stating words to the effect that the Laptop "is all [he had] to use for leverage." When ArcSoft again asked him to return it, he stated words to the effect that he was holding onto the laptop until he "got what was due to [him]."

12. After Friedman stole the Laptop (which was in working condition at the time he stole it) and drove away from ArcSoft's offices, ArcSoft contacted the Fremont police. A police officer then arrived at ArcSoft's offices and made contact with Friedman. The police officer directed Friedman to return the Stolen Laptop to ArcSoft immediately, informing Friedman that he was committing Grand Larceny, which the officer stated is a felony.

13. ArcSoft's Human Resources Manager then spoke to Friedman and again requested he return the Stolen Laptop immediately. Friedman now changed his story, stating that rather than retaining the Stolen Laptop for leverage, he wanted to retain it so he could remove purportedly "personal" items from it. ArcSoft's Human Resources Manager told Friedman that the immediate return of the Stolen Laptop was not negotiable and offered to personally supervise as ArcSoft's IT Department removed from the Stolen Laptop any personal files Friedman identified. When Friedman refused this offer, ArcSoft's Human Resources Manager handed the phone to the police officer, who then told Friedman that if Friedman came back to ArcSoft with

-4-

Case No.                                                                                                            COMPLAINT

the Stolen Laptop, he (the officer) would personally remain with Friedman while he and Friedman observed ArcSoft remove Friedman's personal data from the Stolen Laptop. Friedman, who lives in Berkeley, refused to comply.

### Friedman Accesses ArcSoft's Laptop and Professionally Deletes and Wipes the Data - Including Significant Amounts of ArcSoft Proprietary Data

14.   Thereafter, Friedman unlawfully retained the Stolen Laptop for approximately twenty-nine hours, despite ArcSoft's repeated requests that he return it immediately.

15.   While in possession of the Stolen Laptop, Friedman engaged in a series of unlawful and unauthorized conduct, including:

    a. Accessing the Stolen Laptop for the purpose of attempting after the termination of his employment to log onto ArcSoft's computer networks – an action inconsistent with what Friedman told ArcSoft and the Fremont police was the alleged basis for retaining the Stolen Laptop (to remove "personal" items stored on the hard drive);

    b. On information and belief, accessing ArcSoft files on the Stolen Laptop for the purpose of copying them to another computer or Electronic Storage Device;

    c. After completing the unlawful access to the files and data on the Stolen Laptop and other tasks for which he unlawfully stole ArcSoft's computer, installing onto the Stolen Laptop and running a professional "wiping" program which was designed to permanently erase and destroy all data from the Stolen Laptop and associated evidence of wrongdoing.

16.   Since wiping all contents from the Stolen Laptop, Friedman has ignored ArcSoft's repeated attempts to confirm what specific files were accessed and copied prior to Friedman's destruction of the original evidence, and the specific manner in which he destroyed the contents of the Stolen Laptop.

### ArcSoft Will Suffer Irreparable Harm if Friedman Is Not Immediately Enjoined

17.   By his actions, Friedman has caused irreparable harm to ArcSoft and threatens to cause additional irreparable harm unless enjoined.

-5-

Case No.                                                                                                 COMPLAINT

18. After learning of Friedman's actions, ArcSoft's Human Resources Manager emailed Friedman to revoke ArcSoft's offer of three month's severance. In response, Friedman emailed ArcSoft back a one sentence reply:

"do you want to try to get your pc [personal computer] problem fixed"?

This statement, among other things, demonstrates that by his own admission Friedman is in possession of information concerning the Stolen Laptop and ArcSoft data that is at risk of being lost, destroyed, hidden, accessed or modified if Friedman is not immediately restrained.

19. Additionally, on information and belief, some of the proprietary information that was stored on Friedman's laptop was the only copy thereof, meaning that if Friedman is not ordered to preserve and return any and all copies he made of the data, it may be lost to ArcSoft forever.

20. Without immediate injunctive relief, requiring Friedman, among other things, to disclose under oath the methodology he used to wipe the data off his computer, to identify the files accessed and copied, to allow a third party to forensically image and preserve the data removed from the Stolen Laptop, and to identify who has been given access to the ArcSoft data and what use has been made of it, ArcSoft will suffer immediate and irreparable harm, as Friedman will have the ability to further dispose of, destroy and/or hide the remaining evidence of his wrongdoing, thereby denying ArcSoft the benefit of its stolen information, the ability to discover the whereabouts of its stolen data, and to recover it before further use is made, or access provided, by Friedman.

21. ArcSoft has a strong likelihood of success on the merits, based on the facts established. It is difficult, if not impossible, to place a monetary value on the damage that would be done to ArcSoft if Friedman is not enjoined. Conversely, Friedman would suffer no prejudice if enjoined under the circumstances, since he has no right to any ArcSoft data still in his possession, and as preserving evidence and allowing the inspection of any computers or Electronic Storage Devices in his possession, pursuant to court ordered protocols, would cause minimal intrusion.

## COUNT ONE

### (Violation of Computer Fraud and Abuse Act – 18 U.S.C. §1030)

22. ArcSoft incorporates by reference paragraphs 1 through 21 of this Complaint.

23. In taking the actions complained of, including accessing the Stolen Laptop and loading and running a wiping program, Friedman caused the transmission of a program, information, code, or command which was designed to erase all data contained within the Laptop and which resulted in damage to and destruction of a protected computer.

24. In addition, on information and belief, in accessing for purposes of copying and downloading the confidential and proprietary files of ArcSoft, Defendant Friedman accessed and/or transmitted information from a protected computer without authorization and in excess of the authorization he had while still employed by ArcSoft.

25. Friedman's conduct was done knowingly, intentionally, and recklessly, with the intent to cause damage and defraud, and caused actual damage to ArcSoft, in violation of 18 U.S.C. Section 1030, including, without limitation, 18 U.S.C. §§ 1030(a)(4), (a)(5)(A)(i), (a)(5)(A)(ii), and (a)(5)(A)(iii).

26. As a direct, proximate and legal cause of this access and transmission, ArcSoft has sustained damages in an amount in excess of Five Thousand Dollars ($5,000), in an amount to be proved at trial, and is further entitled to injunctive relief.

27. Each of the aforementioned acts was done willfully and maliciously, with the deliberate intent to injure ArcSoft's business and, on information and belief, for Friedman's financial gain, thereby entitling ArcSoft to exemplary damages and/or attorneys' fees to be proved at trial.

## COUNT TWO

### (Breach of Written Contract)

28. ArcSoft realleges and incorporates by reference paragraphs 1 through 27 above.

29. The Employee Confidentiality Agreement Friedman entered into with ArcSoft to maintain the secrecy of ArcSoft's confidential and proprietary information, and to return all confidential information, documents and property of ArcSoft upon termination of his employment

with ArcSoft, as well as the ArcSoft policies Friedman executed and agreed to abide by relating to the protection of ArcSoft's confidential and proprietary information and other property, constitute valid and binding written contracts. ArcSoft has performed (or was excused from performing) all of its obligations under such contracts.

30. Friedman has willfully, deliberately, unjustifiably and inexcusably breached his obligations under the contracts described above by stealing ArcSoft's Stolen Laptop, and the confidential and proprietary information contained therein, and refusing to return ArcSoft's property to it upon request and upon the termination of Friedman's employment.

31. On information and belief, Friedman continues to breach his contractual obligations to ArcSoft by retaining, using, disclosing and/or failing to return and help recover ArcSoft's confidential and proprietary information.

32. As a proximate result of Friedman's breach of contract, ArcSoft has suffered, and will continue to suffer, general and special damages in an amount to be proven at trial. ArcSoft seeks compensation for all damages and losses proximately caused by Friedman's breaches.

33. ArcSoft has no adequate remedy at law for the injuries currently being suffered, and the additional injuries that are threatened, because it would be impossible to quantify in dollars the loss sustained pending final adjudication of this matter.

## COUNT THREE

### (Violation of California Penal Code § 502)

34. ArcSoft incorporates by reference paragraphs 1 through 33 of this Complaint.

35. ArcSoft maintains and owns a computer network, computer programs or software and a computer system as those terms are defined in California Penal Code Section 502 (collectively, "Computer System"), and which includes the Stolen Laptop and the network accessed provided via the Stolen Laptop while Friedman lawfully had access to it. On its Computer System, ArcSoft maintains confidential and proprietary information, including the information described above.

36. Without permission or authorization, Friedman:

a. Accessed and altered, damaged, deleted, and destroyed ArcSoft's Stolen Laptop and the data contained therein;

b. Introduced a computer contaminant into the Stolen Laptop;

c. Disrupted and/or caused to be disrupted ArcSoft's ability to use the Stolen Laptop and the data contained therein;

d. On information and belief, copied and made use of, and/or caused to be copied or made use of, data from the Stolen Laptop;

37. Friedman engaged in these acts knowingly and intentionally, and on information and belief, for the purpose of defrauding, deceiving, extorting, and wrongfully obtaining and controlling ArcSoft's money, property, and data.

38. Friedman's conduct violates California Penal Code Section 502, including, without limitation, California Penal Code § 502(c)(1), (2), (4), (5), (7), and (8).

39. As a direct, proximate and legal cause of each of Friedman's acts alleged herein, ArcSoft has suffered damages in an amount to be proved at trial and is entitled to an award of reasonable attorneys' fees, in an amount to be proved at trial.

40. On information and belief, after knowingly accessing ArcSoft's Computer System and ArcSoft's confidential and proprietary information without authorization or permission, Friedman retained some or all of the data and other information that he obtained from his unlawful conduct, while destroying the data on the Stolen Laptop. Accordingly, ArcSoft is entitled to injunctive relief and other equitable relief, including, without limitation, permanent injunctive relief and restitution and disgorgement of any and all profits or other benefits that Friedman has obtained in connection with his illegal conduct.

41. Each of the aforementioned acts was done willfully and maliciously, with the deliberate intent to injure ArcSoft and with conscious disregard of ArcSoft's rights, thus entitling ArcSoft to an award of punitive damages in an amount commensurate with Friedman's conduct and appropriate to deter others from engaging in similar misconduct.

## COUNT FOUR

### (Breach of Fiduciary Duty and Breach of the Duty of Loyalty)

42. ArcSoft incorporates by reference paragraphs 1 through 41 of this Complaint.

43. While in ArcSoft's employ, and a high level and highly compensated employee at ArcSoft, Friedman occupied a position of trust and authority sufficient to create a duty of good faith and loyalty to ArcSoft, as well as fiduciary duties to ArcSoft.

44. Friedman violated his fiduciary duty and duty of loyalty to ArcSoft by acts including, but not limited to, breaching his contractual commitment not to steal ArcSoft's confidential and proprietary information and other property, installing and running a wiping program, and refusing to help ArcSoft recover the data at issue or to otherwise explain his actions.

45. Friedman's conduct has caused and will continue to cause irreparable harm to ArcSoft for which there is no adequate monetary remedy.

46. ArcSoft is entitled to an award for all of the damages it has suffered as a result of Friedman's breach of fiduciary duty and duty of loyalty. Each of the acts by Friedman was done willfully and maliciously, with the deliberate intent to injure ArcSoft and, on information and belief, for Friedman's benefit and financial gain, thereby entitling ArcSoft to exemplary damages and/or attorneys' fees to be proved at trial.

## COUNT FIVE

### (Conversion)

47. ArcSoft incorporates by reference paragraphs 1 through 46 of this Complaint.

48. By engaging in the acts described above, Friedman wrongfully took possession of property belonging to ArcSoft, without permission or authorization, and retained, altered damaged and/or destroyed some or all of said property.

49. As a proximate result of Friedman's decision to retain property belonging to ArcSoft, and to convert it for his own use, benefit and financial gain, Friedman has caused ArcSoft to suffer damages in an amount to be proven at trial.

50. On information and belief, Friedman continues to retain some or all of said ArcSoft property, thereby entitling ArcSoft to injunctive relief.

51. Each of these acts were done willfully and maliciously by Friedman, with the deliberate intent to injure ArcSoft's business and for Friedman's own financial gain, thereby entitling ArcSoft to exemplary damages and/or attorney's fees to be proved at trial.

## COUNT SIX

### (Unjust Enrichment)

52. ArcSoft incorporates by reference paragraphs 1 through 51 of this Complaint.

53. By engaging in the acts described above, Friedman has and continues to benefit from his wrongdoing, and has been unjustly enriched by reaping the benefits of his unlawful activities to the damage and irreparable harm of ArcSoft.

54. The circumstances are such that it would be inequitable for Friedman to retain the benefits received from the actions described without repaying the lost value to ArcSoft.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ArcSoft prays that the Court:

1. Enter judgment in favor of ArcSoft and against Friedman on all Claims for Relief;

2. Temporarily, preliminarily and permanently enjoin Friedman and all persons or entities acting in concert with him, from directly or indirectly taking the following actions:

    a. Accessing, using, retaining, or disclosing any of ArcSoft's confidential and/or proprietary information;

    b. Retrieving, copying, transmitting or disseminating any copies of documents containing ArcSoft's confidential and/or proprietary information;

    c. Destroying, altering, erasing, or otherwise modifying, or causing or permitting anyone else to destroy, alter, erase, or otherwise modify, any confidential and/or proprietary information of ArcSoft or other evidence relating to this action;

ArcSoft further prays that the Court, as part of its injunctive order, direct Friedman

and all persons or entities acting in concert with him, to affirmatively and immediately do the following:

  d. Identify under oath each and every file and piece of electronic data (by name, hash marks, or other identifying means) he accessed and/or removed/copied off the Stolen Laptop;

  e. Identify under oath the location of all files, and copies of files, he accessed and removed from the Stolen Laptop;

  f. Identify under oath with specificity (manufacturer, version number, etc.) the particular type of wiping program he used to delete data off of the Stolen Laptop;

  g. Considering the intentional destruction of evidence Friedman has already engaged in, identify under oath all Electronic Storage Devices (including but not limited to home computers, thumb drives, CDs, hard drives, private Web email accounts, and other media capable of storing electronic data) in his possession, custody and control, for purposes of allowing a third party expert to forensically image and preserve the data on these Electronic Storage Devices so that through the discovery process, the Electronic Storage Devices can be inspected;

  h. Identify under oath (including any attorney, whether or not such attorney be an immediate family member or relative) who has been given access to and what use has been made of the ArcSoft data Friedman removed from the Stolen Laptop or otherwise has retained.

  3. Order Friedman to account for and pay to ArcSoft all gains, profits and savings derived from his illegal conduct;

  4. Order Friedman to pay ArcSoft the damages sustained by ArcSoft as a result of Friedman's unlawful acts;

  5. Order impoundment and return to ArcSoft of all stolen property;

  6. Order Friedman to pay ArcSoft punitive and/or treble damages for all claims for relief for which such damages are authorized;

  7. Order Friedman to pay ArcSoft its attorneys' fees incurred in this action and all other costs of the action;

  8. Order prejudgment and post judgment interest at the maximum legal rate,

-12-  COMPLAINT

Case No.

1  as provided by the laws of California, as applicable, as an element of damages which ArcSoft has
2  suffered as a result of the wrongful and illegal acts of Friedman;

3    9.  Order Friedman to pay ArcSoft's restitution for all Claims for Relief for
4  which restitution is authorized; and

5    10.  Order such other relief as the Court deems just and equitable.

6  DATED: July 5, 2007         PAUL, HASTINGS, JANOFSKY & WALKER LLP
                               BRADFORD K. NEWMAN
7                              SHANNON S. SEVEY

            By: /s/ Bradford K. Newman
                    BRADFORD K. NEWMAN

            Attorneys for Plaintiff
            ArcSoft Inc.

-13-                                                              COMPLAINT

Case No.