1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT
9          NORTHERN DISTRICT OF CALIFORNIA
10         SAN FRANCISCO DIVISION
11

| | |
|---|---|
| ARCSOFT INC.,<br><br>        Plaintiff,<br><br>   vs.<br><br>PAUL FRIEDMAN,<br><br>        Defendant. | **CASE NO. C07-03512 SC**<br><br>**ORDER GRANTING ARCSOFT INC.'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER, EVIDENCE PRESERVATION ORDER, AND ORDER TO SHOW CAUSE RE ISSUANCE OF PRELIMINARY INJUNCTION** |

The Court, having considered the argument of Plaintiff ArcSoft Inc.'s ("ArcSoft") counsel and the papers submitted in support of its *ex parte* Application for Temporary Restraining Order, Evidence Preservation Order, and Order To Show Cause Re Issuance of Preliminary Injunction, and for good cause shown, **HEREBY FINDS, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65(b):**

Based on the evidence submitted, the Court finds that if the following injunctive relief is not issued on an *ex parte* basis, and Friedman is not enjoined, restrained and directed as follows, ArcSoft faces the threat of imminent and irreparable injury arising out of the potential destruction of evidence. Now, therefore,

**IT IS HEREBY ORDERED:**

(1)    That Defendant Paul Friedman ("Friedman"), his agents, and all those acting in aid and concert with him are immediately restrained from accessing, using, or disclosing to anyone any ArcSoft information that is in his current possession, custody, or control, and/or that he retained after being terminated by ArcSoft,;

(2)    That, within three calendar days of the date of this Order, Friedman shall return to counsel for ArcSoft all information, data, or documents in his possession, custody, or control that he accessed or acquired, in whole or in part, in connection with his employment with ArcSoft, including, without limitation, the electronic data identified in response to Paragraph 3, below;

(3)    That, within three calendar days of the date of this Order, Friedman shall identify in a written statement made under penalty of perjury each and every file and piece of electronic data (by name, hash marks, and any other identifying means) he accessed, removed, and/or copied from the ArcSoft laptop he retained following the termination of his employment ("Laptop"), as well as the current location of all such data;

(4)    That, within three calendar days of the date of this Order, Friedman shall identify in a written statement made under penalty of perjury and with specificity (including the name of the program, the manufacturer, and the version number) the particular type of wiping program he used to delete data off of the ArcSoft Laptop, at what precise date and time he used this wiping program, and the precise steps he took to execute the program's deletion function;

   (5) That, within three calendar days of the date of this Order, Friedman shall identify in a written statement made under penalty of perjury all Electronic Storage Devices (including but not limited to home computers, thumb drives, compact discs or DVDs, hard drives, private email accounts (including Internet-based email accounts), and other media capable of storing electronic data) in his possession, custody and control and/or to which he has access from January 1, 2007 to the present, and make such Electronic Storage Devices available to a third party forensic expert retained by ArcSoft, so that the third party expert can forensically image (on a byte by byte basis that includes slack and unallocated spaces of the Electronic Storage Devices) and preserve the data on these Electronic Storage Devices for later inspection through the discovery process;

   (6) That, within three calendar days of the date of this Order, Friedman shall identify in a written statement made under penalty of perjury, (A) all persons (including himself and any attorney, whether or not such attorney be an immediate family member or relative) who have been given access to any ArcSoft property (including the data identified in Paragraph 3, above), (B) when such access occurred, and (C) what use was made of such data by the identified persons.

## ORDER TO SHOW CAUSE REGARDING ISSUANCE OF PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED THAT:**

Pursuant to the Temporary Restraining Order entered herewith, Friedman shall appear before the Court on Friday, July 13, 2007 at 10:00 a.m. in Courtroom 1, 17th Floor to show cause why the Court should not issue a preliminary injunction consistent with the Temporary Restraining Order. ArcSoft shall post a bond in the amount of $25,000 by no later than Monday, July 9, 2007.

**EVIDENCE PRESERVATION ORDER**

**IT IS FURTHER ORDERED THAT:**

(1) That Friedman be restrained, enjoined and prohibited from destroying, altering, erasing, or otherwise modifying, or causing or permitting anyone else to destroy, alter, erase, or otherwise modify, any evidence relating to this action, including, but not limited to:

(A) Any and all data in computerized files stored or located on computers, USB drives, external hard drives, or any other Electronic Storage Device or email account within the possession, custody or control of Friedman, including, without limitation, any and all documents relating to ArcSoft and/or its confidential and/or proprietary information;

(B) Any and all documents maintained in hard copy form relating to ArcSoft and/or its confidential and/or proprietary information; and

(C) Computers, floppy diskettes, USB Flash Drives, external hard drives, or other external storage devices within the possession, custody or control of Friedman.

**IT IS SO ORDERED.**

Entered this 6th day of July, 2007.

_____
The Honorable Samuel Conti
United States District Court Judge