1  BRADFORD K. NEWMAN (SB# 178902)  bradfordnewman@paulhastings.com
   SHANNON S. SEVEY (SB# 229319)  shannonsevey@paulhastings.com
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   Five Palo Alto Square
3  Sixth Floor
   Palo Alto, CA  94306-2155
4  Telephone:  (650) 320-1800
   Facsimile:  (650) 320-1900
5
   Attorneys for Plaintiff
6  ARCSOFT INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  ARCSOFT INC.,                          CASE NO. C07-03512 SC

13            Plaintiff,                   **DECLARATION OF  SHANNON S. SEVEY**

14       vs.

15  PAUL FRIEDMAN,

16            Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

                                              SEVEY DECLARATION

I, Shannon S. Sevey, declare:

1.      I am an attorney at law licensed to practice before this Court.  I am associated with the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel of record for Plaintiff ArcSoft Inc.  I have personal knowledge of the facts contained herein, and if called as a witness, I could and would testify competently thereto.

2.      Attached hereto as Exhibit A is a true and correct copy of the letter my office sent to Friedman on July 6, 2007 to notify him of the lawsuit ArcSoft filed against him and the Court's July 6, 2007 Order Granting Temporary Restraining Order, Evidence Preservation Order, and Order to Show Cause Regarding Issuance of Preliminary Injunction ("Court Order").  In this letter, my office requested that Friedman contact Bradford Newman, lead counsel for ArcSoft, by 10:00 a.m. on Monday, July 9, 2007, to discuss the return of all ArcSoft property, the production of the sworn certifications the Court ordered Friedman to provide, and the Court-ordered production of Friedman's Electronic Storage Devices for imaging.

3.      Attached hereto as Exhibit B is a true and correct copy of the proof of service my office received from the process server assigned to deliver the Court Order, the Complaint in this lawsuit, and the papers ArcSoft submitted in furtherance of its request for the Court Order, which reflects that Friedman was personally served with such papers at approximately 6:07 p.m. on Friday, July 6, 2007.

4.      My office did not receive any response to my July 6, 2007 letter by 10:00 a.m. on Monday, July 9, 2007.

5.      At or around 12:20 p.m. on July 9, 2007, I received a voicemail from Friedman.  I am informed that my colleague, Bradford Newman, also received a voicemail from Friedman within a few minutes of the time I received Friedman's voicemail to me.  In each of these voicemail messages, which Friedman left approximately sixty-six hours after receiving a copy of the Court's July 6, 2007 Order, Friedman requested an extension of time to perform the tasks the Court ordered him to complete by July 9, 2007.

6.      At approximately 1:06 p.m. on July 9, 2007, my office sent a letter to Friedman, a true and correct copy of which is attached hereto as Exhibit C.  In this letter, my office recounted

1   the voicemails we had received, reminded Friedman that his compliance with the terms of the

2   Court's July 6, 2007 Order was mandatory, and asked him to contact us in writing immediately to

3   discuss the return of all ArcSoft property, the production of the Court-ordered sworn

4   certifications, and the imaging of Friedman's Electronic Storage Devices. My office also

5   explained in this letter that, due to the importance of preserving evidence in this litigation,

6   Friedman would not be granted any extensions of time to comply with the Court Order.

7       7.     At approximately the same time my office sent the letter attached hereto as Exhibit

8   C, I sent a text message to the cellular telephone number Friedman provided in his voicemails to

9   Mr. Newman and I ((510) 374-8341) in which I stated, "This is ArcSoft's counsel. Please check

10   your Comcast email account for a response to your voicemail. Thank you."

11       8.     At approximately 1:24 p.m., eighteen minutes after my office sent to Friedman the

12   letter attached hereto as Exhibit C, my office received an email from Friedman, a true and correct

13   copy of which is attached hereto as Exhibit D. In this email, Friedman stated that he intended to

14   do whatever the court instructs him to do, but then again requested an extension of time to

15   comply with the Court Order. Friedman also acknowledged having received the text message I

16   sent to his cellular telephone number.

17       9.     On July 9, 2007, at approximately 1:32 p.m., I telephoned Paul Friedman. After

18   identifying myself as ArcSoft's counsel, I informed Friedman that I was calling to remind him

19   that he was obligated to return all ArcSoft property, provide the sworn certifications described in

20   the Court's July 6, 2007 Order, and make all Electronic Storage Devices (as that term is used in

21   the Court's July 6, 2007 Order) in his possession, custody, or control available for imaging by the

22   close of business that day.

23       10.     In response, Friedman asked, "Do you want everything that is capable of storing

24   any data? Would that include even the memory card in my kid's PlayStation?" or words to that

25   effect. I informed Friedman that the Court's Order was clear, and that it was his decision as to

26   how he intended to comply with the terms of that Order.

27       11.     Friedman then proceeded to tell me that he would be in San Mateo working all

28   day, but that he could meet me at my office at 6:00 p.m. Friedman also informed me that he had

1  copied all of the ArcSoft data that he had onto a disc ("Disc"), that he had the Disc with him as

2  we were speaking, and that he would give the Disc to me at our 6:00 p.m. meeting.

3      12.    When I questioned him regarding what the Disc contained, he first stated that he

4  had copied "everything" onto a disc as soon as he received the Complaint, the Court's July 6,

5  2007 Order, and the remainder of the papers with which he was personally served on July 6,

6  2007. Since this indicated to me that Friedman had accessed and copied ArcSoft data in violation

7  of the Court's Order, I asked him where the data had been stored before it was copied onto the

8  Disc (i.e. from where he copied the data). Friedman then changed his story, stating that the Disc

9  contained a "backup" copy of the contents of his ArcSoft-provided laptop ("Laptop"), which he

10  created before he returned the Laptop to ArcSoft.

11      13.    Since it appeared that Friedman was now telling a different story than the one he

12  had stated only moments earlier, I asked Friedman to confirm whether I understood him correctly,

13  stating words to the effect of, "Mr. Friedman, do I understand you correctly that the Disc you

14  have in your possession and that you intend to give to me tonight contains data that you backed

15  up from the Laptop onto the disc before returning the Laptop to ArcSoft?" Although I asked this

16  question twice, Friedman did not answer it, instead ignoring it and asking different questions such

17  as, "I'm not trying to threaten here, but do you want the data back or not."

18      14.    I then asked Friedman what he intended to bring to our meeting later that day.

19  Friedman responded by saying he would bring the Disc and the written certifications the Court

20  Order required him to provide. When I asked whether he would produce for imaging all

21  Electronic Storage Devices in his possession, custody, or control, he again asked what he was

22  supposed to provide (this time citing as an example the memory card in his wife's digital camera),

23  and then asked how many of the ESDs he had to provide in order for me to be "satisfied." I

24  responded by saying that he needed to comply in full with the terms of the Court Order, and that

25  only the Court could make a final determination as to whether he had complied with his

26  obligations under that Order.

27      15.    Friedman then stated that he could not produce the Electronic Storage Devices for

28  imaging that day, because he could not get back to his house in time to collect them. In response,

Case No. C07-03512 SC                                                    SEVEY DECLARATION

1    I reminded Friedman that he received the Court's Order on Friday, July 6, 2007 (three days

2    before our telephone call), and asked why he had not gathered the Electronic Storage Devices

3    over the weekend so that he could comply with the Court's Order by the deadlines set by the

4    Court. In response, Friedman did not directly answer my question, but rather said that he had

5    been trying to find an attorney over the weekend. Friedman also reiterated his request for an

6    extension of time to comply with the Court's Order, suggesting an extension of twenty-four

7    hours. As I stated in my letter earlier that day, I informed Friedman that due to the urgent need to

8    preserve all evidence, ArcSoft would not grant Friedman an extension.

9         16.    I then asked Friedman to explain what he was doing in San Mateo, stating, "Mr.

10   Friedman, you said you were working in San Mateo today, correct?" In response, Friedman

11   changed what he had previously stated to me, this time saying that he wasn't "working," but

12   rather simply had "things to do" that day in San Mateo.

13        17.    Although we arranged to meet at my office at 6:00 p.m. on July 9, 2007, Friedman

14   called me at approximately 5:50 p.m. to say that he would be approximately ten minutes late

15   (meaning that he would arrive at 6:10 p.m.). At approximately 6:35 p.m., having not heard from

16   Friedman again, I called him to ask whether he still intended to meet with me. A few minutes

17   later, Friedman arrived in my office.

18        18.    During this meeting, Friedman provided to Michael Boggess of Aon Consulting

19   one external hard drive and three USB "flash" drives. After observing that he was producing

20   these items but did not seem to have a compact disc with him, I reminded him that he had

21   informed me during the telephone call that he would be bringing a Disc to our meeting. Friedman

22   responded by pointing to the external hard drive (which he later stated was an 80 gigabyte hard

23   drive) and claiming that it was the item he had referred to as a "Disc." However, Friedman did

24   not explain why, after stating on the telephone that he would be returning a (single) Disc which

25   contained all ArcSoft data in his possession, custody, or control, he was now producing a total of

26   four devices – one external hard drive and three USB flash drives.

27        19.    At approximately 12:34 p.m. on Tuesday, July 10, 2007, I sent a text message to

28   Friedman's cellular telephone, as I had done the previous day, stating "ArcSoft's counsel has sent

                         SEVEY DECLARATION

1    a letter to your personal email account."

2         20.    Immediately thereafter, I sent a letter to Friedman via email. A true and correct

3    copy of the letter I sent to Friedman on July 10, 2007 is attached hereto as Exhibit E.

4         21.    Although I sent this letter to Friedman in the same manner as I had done on July 9,

5    2007 (i.e. send a letter to his email account and simultaneously notify him via a text message on

6    his cell phone that I had done so), I received no response to my July 10, 2007 letter prior to 1:03

7    a.m. the following day, July 11, 2007.

8         22.    Attached hereto as Exhibit F is a true and correct copy of the email I received from

9    Friedman at or around 1:03 a.m. on July 11, 2007.

10         23.    Attached hereto as Exhibit G is a true and correct copy of the email I sent to

11    Friedman at or around 10:26 a.m. on July 11, 2007.

12         24.    Attached hereto as Exhibit H is a true and correct copy of the email I received

13    from Friedman at or around 5:40 p.m. on July 11, 2007.

14         25.    I have spent approximately 12 hours meeting with Friedman to test his compliance

15    with the Temporary Restraining Order, drafting declarations regarding the evidence of

16    Friedman's failure to do so, and drafting and revising the portions of ArcSoft's Application which

17    relate to ArcSoft's request for a finding of contempt of Court. My hourly rate is $440. I am

18    informed that my colleague, Patrick Sherman, whose hourly rate is the same as mine, spent

19    approximately 19.75 hours meeting with Friedman to test his compliance with the TRO,

20    conducting legal research regarding the portions of ArcSoft's Application which relate to

21    ArcSoft's request for a finding of contempt of Court, and drafting and revising such portions of

22    ArcSoft's Application. ArcSoft therefore requests immediate sanctions in the amount of $13,970.

23         I declare under penalty of perjury under the laws of the State of California that the

24    foregoing is true and correct. Executed on this 12th day of July, 2007, in Palo Alto, California.

25

26                                          Shannon S. Sevey

27

28

# EXHIBIT A

**Paul**Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(650) 320-1827
bradfordnewman@paulhastings.com

July 6, 2007

**VIA HAND DELIVERY AND PDF EMAIL DELIVERY**

Paul Friedman
436 Boynton
Berkeley, CA 94707

*Re:     ArcSoft Inc. v. Paul Friedman*
*U.S.D.C. Northern District, Case No. C07-03512 SC*

Dear Mr. Friedman:

We represent ArcSoft Inc. Please direct all future correspondence, communications and inquiries regarding the above-captioned lawsuit to my attention.

Yesterday, July 5, 2007, ArcSoft Inc. filed a complaint against you in the United States District Court for the Northern District of California, alleging violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, California Penal Code Section 502, conversion, breach of contract, breach of fiduciary duty and duty of loyalty, and unjust enrichment.

This morning, ArcSoft applied for and was granted a Temporary Restraining Order, Order to Show Cause Regarding Issuance of Preliminary Injunction, and Evidence Preservation Order against you. **Through this Order, you are under specific Court order to refrain from certain actions, and to affirmatively comply with other directives within 3 calendar days.**

**Temporary Restraining Order**

    (1)    You must <u>immediately</u> refrain from accessing, using, or disclosing to anyone any ArcSoft information that is in your possession, custody, or control, and/or that you retained after being terminated by ArcSoft;

    (2)    <u>Within three calendar days of today</u> (meaning by the close of business on Monday, July 9, 2007), you must return to my attention all information, data, or documents in your possession, custody, or control that you accessed or acquired, in whole or in part, in connection with your employment with ArcSoft, including, without limitation, the electronic data identified in response to Item No. 3, below;

    (3)    <u>Within three calendar days of today</u> (meaning by the close of business on Monday, July 9, 2007), you must identify in writing, and under penalty of perjury, each and

Paul*Hastings*

Paul Friedman
July 6, 2007
Page 2

every file and piece of electronic data (by name, hash marks, and any other identifying means) you accessed, removed, and/or copied from the ArcSoft laptop you retained following the termination of your employment ("Laptop"), as well as the current location of all such data;

(4) Within three calendar days of today (meaning by the close of business on Monday, July 9, 2007), you must identify in writing, under penalty of perjury and with specificity (including the name of the program, the manufacturer, and the version number) the particular type of wiping program you used to delete data off of the ArcSoft Laptop, at what precise date and time you used this wiping program, and the precise steps you took to execute the program's deletion function;

(5) Within three calendar days of today (meaning by the close of business on Monday, July 9, 2007), you must identify in writing, and under penalty of perjury, all Electronic Storage Devices (including but not limited to personal computers, thumb drives, compact discs or DVDs, hard drives, private email accounts (including Internet-based email accounts), and other media capable of storing electronic data) in your possession, custody and control and/or to which you have had access from January 1, 2007 to the present, and make such Electronic Storage Devices available to ArcSoft's forensic expert, Aon Consulting, so Aon can forensically image (on a byte by byte basis that includes slack and unallocated spaces of the Electronic Storage Devices) and preserve the data on these Electronic Storage Devices for later inspection through the discovery process;

(6) Within three calendar days of today (meaning by the close of business on Monday, July 9, 2007), you must identify in writing, and under penalty of perjury, (A) all persons (including yourself and any attorney, whether or not such attorney be an immediate family member or relative) who have been given access to any ArcSoft property (including the data identified in Item No. 3, above), (B) when such access occurred, and (C) what use was made of such data by the identified persons.

## Order to Show Cause Regarding Issuance of Preliminary Injunction

The Court has ordered you to appear on Friday, July 13, 2007 at 10:00 a.m. in Courtroom 1 on the 17th Floor of the San Francisco Division of the United States District Court for the Northern District, located at 450 Golden Gate Avenue, San Francisco, California, to show cause why the Court should not issue a preliminary injunction consistent with the Temporary Restraining Order now in effect.

## Evidence Preservation Order

The Court has further ordered that **you are immediately prohibited from destroying, altering, erasing, or otherwise modifying, or causing or permitting anyone else to**

Paul*Hastings*

Paul Friedman
July 6, 2007
Page 3

**destroy, alter, erase, or otherwise modify, any evidence relating to this action,** including, but not limited to:

(A)    Any and all data in computerized files stored or located on computers, USB drives, external hard drives, or any other Electronic Storage Device or email account within your possession, custody or control, including, without limitation, any and all documents relating to ArcSoft and/or its confidential and/or proprietary information;

(B)    Any and all documents maintained in hard copy form relating to ArcSoft and/or its confidential and/or proprietary information; and

(C)    Computers, floppy diskettes, USB Flash Drives, external hard drives, or other external storage devices within your possession, custody or control.

Failure to comply with this prohibition may constitute contempt of Court and may lead to additional ramifications against you.

By way of this letter, ArcSoft hereby serves upon you the papers filed thus far in this lawsuit, including the Complaint and a copy of the Temporary Restraining Order. Please have your counsel contact me by 10:00 a.m. on Monday morning to coordinate how your Electronic Storage Devices will be physically made available to Aon for imaging by the end of the day on Monday, and to confirm that you are in compliance with the rest of the terms of the Court's Order. Your counsel will also need to arrange for the delivery to my office by the close of business on Monday, July 9, 2007 all ArcSoft property in your possession, custody and/or control and the written certifications under oath that the Court ordered you to provide by that same date.

Sincerely,

Bradford K. Newman
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

BKN:sss

Enclosures

# EXHIBIT B

| | For Court Use Only |
|---|---|
| *Attorney or Party without Attorney:*<br>PAUL, HASTINGS, JANOFSKY & WALKER<br>5 Palo Alto Square, 6th Floor<br>Palo Alto, CA  94306 | |

*Telephone No:* (650) 320-1800    *FAX No:* (650) 320-1900

| | *Ref. No. or File No.:*<br>71067.00002 |
|---|---|
| *Attorney for:* Plaintiff | |

*Insert name of Court, and Judicial District and Branch Court:*

United States District Court For The Northern District Of California

*Plaintiff:* ARCSOFT INC.

*Defendant:* FRIEDMAN

| **PROOF OF SERVICE**<br>**UNITED STATES DISTRICT** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>C07-03512 SC |
|---|---|---|---|---|

*1.* At the time of service I was at least 18 years of age and not a party to this action.

*2.* I served copies of the United States District Court Summons And Complaint In A Civil Case Letter; Civil Cover Sheet; Ecf Registration Information Handout; Order Setting Initial Case Management Conference And Adr Deadlines; Adr Dispute Resolution Procedures; Notice Of Availability Of Magistrate Judge To Exercise Urisdiction; Welcom To The U. District Court (Guidelines); Judge Information; Ex Parte Application For Temporary Restraining Order; Declaration Of Anthony Adion; Declaration Of Tonie Berryman; Declaration Of Victor Chen; Declaration Of Lee Curtis; Declaration Of Shannon S. Sevey; [Proposed] Order; Order

*3.  a. Party served:*                                    PAUL FRIEDMAN

*4.  Address where the party was served:*          436 BOYNTON<br>                                                           BERKELEY,

*5.  I served the party:*
   a.  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Jul. 06, 2007 (2) at: 6:03PM

*6.*  The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

*7.* **Person Who Served Papers:**                        Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. VIRGILIO G. RONDOLO                    d.  **The Fee** for Service was:    $128.50
   b. **SWIFT ATTORNEY SERVICE**             e.  I am: (3)  registered California process server
      P.O. BOX 5324                                (i)  Owner
      500 ALLERTON STREET, SUITE 105               (ii)  *Registration No.:*      285
      Redwood City, CA  94063                      (iii)  *County:*               San Mateo
   c. (650)364-9612, FAX (650)364-3305

*8.*  **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:Mon, Jul. 09, 2007

# EXHIBIT C

**Paul**Hastings

ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(650) 320-1828
shannonsevey@paulhastings.com

July 9, 2007

**VIA PDF EMAIL DELIVERY AND OVERNIGHT MAIL**

Paul Friedman
436 Boynton
Berkeley, CA 94707

*Re:*    *ArcSoft Inc. v. Paul Friedman*
        *U.S.D.C. N.D., Case No. C07-03512 SC*

Dear Mr. Friedman:

On Friday, July 6, 2007, ArcSoft served you by personal delivery, email, and overnight mail with a copy of the Complaint in this lawsuit, the Temporary Restraining Order, Evidence Preservation Order, and Order to Show Cause Regarding Issuance of Preliminary Injunction issued against you, and the papers ArcSoft submitted to the Court in support of its Motion for the above-referenced Order. You were served with the same papers via each method of service. Our records confirm that you were personally served with these papers at approximately 6:07 p.m. on Friday, July 6, 2007, by a process server.

Despite receiving these items three days ago, and despite the fact that our July 6, 2007 letter requested that you contact us by 10:00 a.m. today to confirm your compliance with the Court's Order, we received no response from you until approximately 12:20 p.m. today, at which time I received the following voicemail from you:

> Hello Ms. Sevey, this is Paul Friedman. I received some papers from you guys, I guess you're being retained by ArcSoft and in my amateur reading of it, it looks as though I have to do a bunch of stuff by today. I have no attorney, I don't understand what I am supposed to do exactly, I understand in general terms. I am very happy to do it, but I am wondering if there is any way to arrange a slight delay in when I have to get this to you, I don't want to be responding incorrectly today or not responding and getting myself into some sort of trouble for doing that. If you could give me a call I would really appreciate it to figure out how best to take care of this. My number is 510-374-8341. 510-374-8341 Paul Friedman regarding something from ArcSoft. Thank you very much.

My colleague, Bradford Newman, received a similar message from you:

Paul*Hastings*

Paul Friedman
July 9, 2007
Page 2

Hello Mr. Newman, this is Paul Friedman, I received some papers from you late Friday, more on Saturday and it looks like from my novice view of it as if I am supposed to respond to you by today. I don't even have an attorney or anything so I wanted to find out if I am understanding this correctly and I do have to respond by today or if there is any possible way to get an extension. I'll do all these things that I am being asked to do but I don't even know how to do them. If you could give me a call I would sure appreciate it. My number is 510-374-83-415, I'm sorry 510-374-8341 Paul Friedman and this is, I guess you are retained by ArcSoft. Thank you very much.

Please be advised that compliance with the Court's Order is mandatory. This Order sets forth – in plain language – what the Court ordered you to do, and states in clear terms that you must comply with your obligations in full by today. Furthermore, in light of the importance of preserving all evidence in this matter, it is important that you comply in full by today – more than 72 hours after the Court issued the Order and you were served with all pleadings in this action.

We again request that you comply with the Court's Order, including that you return all ArcSoft property in your possession to our attention and provide the required written certifications by the close of business today. Our office fax number is (650) 320-1900. Please also comply with the Court's instruction to make all Electronic Storage Devices in your possession, custody, or control available today. You may do so either by having such devices delivered to our offices by the close of business today, or by confirming in an email or letter to me where you would like the third party forensic expert, Aon Consulting, to meet you, prior to 8:00 p.m. tonight, to conduct the Court-ordered imaging of these devices.

Please immediately confirm in writing how you intend to comply with the Court's Order.

Sincerely,

*Shannon Sevey*

Shannon S. Sevey
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

SSS:cg

# EXHIBIT D

**From:**    Paul Friedman [paul-friedman@sbcglobal.net]
**Sent:**    Monday, July 09, 2007 1:24 PM
**To:**      Gardner, Cheryl A.
**Cc:**      Newman, Bradford K.
**Subject:** Re: ArcSoft Inc. v. Paul Friedman

of course, i intend to do whatever the court instructs me to do. my messages to you were based on my concern that i might inadvertently respond incorrectly to the large volume of papers you sent me and in doing so either fail to do something that is required, do something unnecessary that would in some way damage my own position, respond in the wrong format without the proper legal text and formalities, etc.

i was asking this as a courtesy, in order to give me time to find some legal counsel to advise me on how to respond properly.  however, it appears as though you have no interest in agreeing to this.

is there any chance we could speak this afternoon?  my mobile number is the one to which you sent the text message a few minutes ago.

regards,

- paul




----- Original Message ----
From: "Gardner, Cheryl A." <cherylgardner@paulhastings.com>
To: paul-friedman@sbcglobal.net
Cc: "Newman, Bradford K." <bradfordnewman@paulhastings.com>
Sent: Monday, July 9, 2007 1:05:32 PM
Subject: ArcSoft Inc. v. Paul Friedman

Dear Mr. Friedman:

Please see the attached letter from Shannon Sevey.

Cheryl A. Gardner, Litigation Secretary | Paul, Hastings, Janofsky & Walker LLP | Five Palo Alto Square, Sixth Floor, Palo Alto, CA 94306 | direct: 650 320 1868 | main: 650 320 1800 | direct fax: 650 320 1900 |
cherylgardner@paulhastings.com | www.paulhastings.com

*******************************************************
IRS Circular 230 Disclosure:     As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot

be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
*********************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.

# EXHIBIT E

**Paul**Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(650) 320-1828
shannonsevey@paulhastings.com

July 10, 2007

**VIA PDF EMAIL DELIVERY**

Paul Friedman
436 Boynton
Berkeley, CA 94707

*Re:*   *ArcSoft Inc. v. Paul Friedman*
        *U.S.D.C. N.D., Case No. C07-03512 SC*

Dear Mr. Friedman:

Yesterday, during our telephone conversation around 1:30 p.m., you refused to meet prior to 6:00 p.m. on the last day for you to comply with the Court's July 6, 2007 Order because you stated you were working in San Mateo. You also stated that, at our 6:00 p.m. meeting, you intended to return a "disc" which you stated contained all ArcSoft in your possession, including a "backup" you made of the contents of your ArcSoft-issued laptop computer. You equivocated during our conversation about whether you intended to provide all of the sworn certifications the Court ordered you to provide and all of your Electronic Storage Devices ("ESDs") for imaging.

When you arrived at 6:40 p.m., 40 minutes after our meeting was scheduled to begin, you produced for forensic imaging one 80 gigabyte external hard drive (which you then claimed was the "disc" you referred to during our call). You also produced for imaging three USB Flash Drives which you stated contained ArcSoft data, although you failed to explain how you now had four Electronic Storage Devices containing ArcSoft data (when earlier that day you stated there was only one "disc"). You also produced a statement you had prepared, which was not sworn under penalty of perjury (as the Court Order requires) and which, by your own admission, did not list all ESDs in your possession and otherwise did not comply with the Court Order.

While Aon Consulting forensically imaged the four ESDs you produced, you stated that you had additional ESDs which, notwithstanding your obligation to produce all ESDs by no later than yesterday, you did not bring with you to our meeting. Your list of additional ESDs included approximately three laptop computers and various other devices and media. When asked why you did not bring these ESDs to our meeting, you stated that you believed the Court Order required you to bring only those ESDs containing ArcSoft data. I then asked you to identify which part of the Court Order led you to interpret your obligations in this manner, but you were unable to identify any such provision. We then

Paul*Hastings*

Paul Friedman
July 10, 2007
Page 2

agreed that you would arrive at our office at 7:00 p.m. on Tuesday (today), since you
stated you were unavailable prior to 7:00 p.m., and that you would bring all remaining
ESDs at that time, with the exception of those no longer in your possession (*such as the
Hewlett Packard laptop computer – an ESD clearly covered by the Court Order – which
you sent to Hewlett Packard the day after being served with the Court's Order*).[1]

After Aon Consulting completed the forensic imaging of the four ESDs you produced (a
task which took a considerable amount of time due to the amount of data stored on the
devices and the number of questions you asked which Aon had to take time away from
the imaging process to answer), Aon then proceeded to try to image your personal email
account (paul-friedman@sbcglobal.net).  However, at approximately 11:30 p.m., after
nearly five hours of imaging your ESDs, it was clear that it would be impossible to capture
all data in your email account (which currently contains more than 5,000 emails, including,
by your own admission, ArcSoft data) in a reasonable fashion that night.  Accordingly, and
since we had already agreed to meet at 7:00 p.m. the following day, I suggested that we
adjourn for the night and continue the imaging process at our next meeting.  I also
reminded you of your obligation to abide by the Evidence Preservation Order in the
interim.

At this point, and despite the fact that capturing your entire email account would require
Aon to continue imaging non-stop throughout the night and beyond (as Aon explained to
you) and the fact that you had not brought all ESDs covered by the Court Order for
imaging, you attempted to filibuster the process, stating that you wanted all imaging
completed that night (even though by your own admission you had not produced all
ESDs) and that you were not sure whether you would keep our appointment the
following day.  When I informed you that you needed to confirm whether or not you
would meet with me the following day (so that I could ensure Aon Consulting was
available to forensically image the additional ESDs), you again refused to provide the
requested confirmation.

In light of your conduct at our meeting yesterday (including, but not limited to, the
above), the fact that you did not comply with the Court Order requiring you to produce
all ESDs by July 9, 2007, and the fact that you now refuse to confirm when – if ever – you
will produce all ESDs for imaging, ArcSoft is very concerned that your actions, in failing
to comply with the Court's Order, will cause further and irreparable harm to ArcSoft and
that further evidence will be lost or destroyed.

ArcSoft demands that you appear at 7:00 p.m. tonight at our office with all remaining
ESDs, so that they can be forensically imaged.  We also renew our request that you

---

[1] In troubling fashion, you repeatedly stated that, at tonight's session, you would bring all of your son's
Disney DVDs, because in your opinion, those DVDs of Disney movies are covered by the Order.  This
demonstrates several troubling aspects of your actions in the wake of being served with the Court's Order.

Paul *Hastings*

Paul Friedman
July 10, 2007
Page 3

provide the Court-ordered certifications under penalty of perjury.  ArcSoft further
demands that you cease from committing any further violations of the Court Order,
including but not limited to, accessing any ArcSoft data and/or destroying any relevant
evidence in this lawsuit.

Please immediately confirm that you will abide by these instructions.

Sincerely,

*Shannon Sevey*

Shannon S. Sevey
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

SSS:cg

# EXHIBIT F

**From:**   Sevey, Shannon S.
**Sent:**   Wednesday, July 11, 2007 1:45 PM
**To:**     Gardner, Cheryl A.
**Subject:** FW: ArcSoft v. Friedman

---

**From:** Paul Friedman [mailto:paul-friedman@sbcglobal.net]
**Sent:** Wednesday, July 11, 2007 1:03 AM
**To:** Sevey, Shannon S.
**Subject:** Re: ArcSoft v. Friedman

Ms Sevey:

I am not sure of the purpose of your note, but I feel compelled to reply to make clear that I do not agree with either the accuracy or completeness of your recollection.

As a few examples:

- On the phone call we had during the day, you told me I had not contacted you as required. I told you that I had called your office the night I received the first correspondence from you, at the curious hour of 6:00 PM on Friday. No one answered the phone
- I tried to find an attorney over the weekend, as the documents seemed to indicate that I needed to submit a response to you by the end of Monday and I was very unsure that I would be able to assure that I was complying completely and correctly
- I called your office on Monday and requested the courtesy of a slight delay so that I could find some competent legal counsel to assist me and to assure that my responses and actions, due that day, were all in compliance with the court's requests
- You said "No"
- I asked if I could submit i) sworn assurances that I had neither destroyed the contents of the PC nor given anyone access to any of ArcSoft's proprietary information, ii) a hard drive and three thumb drives on which some of the PC's contents were backed up, iii) submit my best faith efforts to respond to the other requests from the court, and then have the courtesy of some minimal period during which I could speak with an attorney and submit any changes, additions, deletions, or anything else required to assure that my responses met the court's requirements
- You said "No"
- (I also called the court to request a delay, but a clerk who returned my call suggested only that I visit the court's website and read about how to submit requests and motions. The website seemed to require a login and be only for attorneys)
- You requested me to come to your office. I said I could come after six because "us working mortals have other things we need to do", or something to that effect
- I arrived at your office around 6:30, after calling to let you know I was running late
- I again told you I was ready to provide anything and everything the court required, but was not confident that I was competent to interpret exactly what was required, as I was not an attorney and did not yet have one, and some of the text seemed contradictory or unclear
- I told you at the start of your activities that I was very uncomfortable being there and being asked questions because I was unsure which questions I was required to answer by law, and which ones

you were just trying to get me to answer for your client's potential benefit
- I asked if some one could take notes or otherwise record the meeting to avoid and disagreements about what occurred
- I was grilled by you over the course of five hours, in the presence of your colleague and your paid computer consultant
- You asked me questions as, to me, unreasonable as "What kind of files are in your Personal folder?"
- At one point I specifically said that "This all seemed very irregular"
- At one point this ambiguity became particularly clear. I asked whether I could have any assurance that submitting these things to you was sufficient to meet whatever requirements I had to submit the things to the court. When you seemed confused, I pointed out the point 2 of the court's order seemed to require me to submit certain things to you. I asked whether submitting these things to you was sufficient or if I also needed to submit them to the court. I pointed out that the text of several of the subsequent items mentioned things to be submitted to the court, with no mention of your firm. When you reread the order and turned bright red, I interpreted it to suggest that I was mistaken in submitting it to you. I requested that everything I had (apparently) mistakenly submitted and all of the answers I had (apparently) mistakenly answered be returned. You repeatedly pretended not to understand my request and said that to respond to me would be giving me legal advice
- I questioned whether the computer consultant was an independent third party, as you said, or a paid service provider for your firm or your client. I allowed him to copy the submitted drives and to access my personal e-mail account; providing the log-in and password
- I asked for assurances that my personal information on the devices not be accessed except as required by law
- You referred me to the order, suggesting that my submissions were incomplete, mentioning, for example, that all DVDs were required. I pointed out that it would be difficult, error prone, impractical and beyond my understanding of what the court wanted to provide lists of, and then the actual devices, in a class as broad as you suggested. I suggested what I though was a ludicrous example of my wife's camera, since it had memory to store digital pictures. You asked me to list everything that could store data and we compiled a list including iPods, children's DVDs and games, etc. You then produced a form and asked me to write the list on the form, which I did
- Finally, you ended the meeting at around 11:30 after your computer consultant managed to copy "only a few percent" of my e-mails. You denied my request that we complete everything that night

There are other parts of your note I dispute, but this list demonstrates some of the basis for my concern that your letter might become some 'official' indication of what occurred and what was said. Clearly, it would have been much better to have this meeting with attorneys for both sides, or, at least, if I was required to be there even without an attorney, to clarify what was court required information and to record the proceedings, impartially, accurately and completely.

Finally, I want to, again, suggest that the better way to resolve the issues between ArcSoft and me would be to sit down and talk, rather than to continue your 'best defense is an offense' attack.

Regards,

- Paul


*"Sevey, Shannon S." <shannonsevey@paulhastings.com>* wrote:

Mr. Friedman:

Please see the attached letter. Thank you.

Shannon S. Sevey | Paul, Hastings, Janofsky & Walker LLP | Five Palo Alto Square, Sixth Floor, Palo Alto, CA
94306| direct: (650) 320-1828| main: (650) 320-1800 | direct fax: (650) 320-1928
| shannonsevey@paulhastings.com| **www.paulhastings.com**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*   IRS Circular 230 Disclos
transmission in error, please notify the    sender by reply e-mail and delete the m

# EXHIBIT G

**From:** Sevey, Shannon S.
**Sent:** Wednesday, July 11, 2007 10:26 AM
**To:** 'paul-friedman@sbcglobal.net'
**Cc:** Newman, Bradford K.
**Subject:** RE: ArcSoft v. Friedman

Mr. Friedman:

We received your 1:00 a.m. email, which you sent approximately 6 hours after confirming that you will not bring any other Electronic Storage Devices for forensic imaging, will not provide all certifications under penalty of perjury that the Court required you to provide by July 9, 2007, and otherwise will not comply with the clear and express terms of the Court's Order. Your attempts to create a further false record are noted and warrant no response.

It has been your decision since being served with the Court's Order last Friday to represent yourself. To the extent you believe that this strategy somehow excuses your conduct on the basis (which you have repeated from the start) that "you are not an attorney," a party who decides to represent himself is held to the same standard as those who are represented by counsel. Maxwell v. Norman Jacobson Realty Resources, Inc., 1996 WL 442249, 2 (9th Cir. 1996); King v. Atiyeh, 814 F. 2d 565, 567 (9th Cir. 1987). Your actions to date, and your comment below about this lawsuit being a "good defense" are disturbing.

At this point, we will not respond further to self-serving correspondence you may choose to send.

---

Shannon S. Sevey | Paul, Hastings, Janofsky & Walker LLP | Five Palo Alto Square, Sixth Floor, Palo Alto, CA 94306|
direct: (650) 320-1828| main: (650) 320-1800 | direct fax: (650) 320-1928 | shannonsevey@paulhastings.com|
**www.paulhastings.com**

---

**From:** Paul Friedman [mailto:paul-friedman@sbcglobal.net]
**Sent:** Wednesday, July 11, 2007 1:03 AM
**To:** Sevey, Shannon S.
**Subject:** Re: ArcSoft v. Friedman

Ms Sevey:

I am not sure of the purpose of your note, but I feel compelled to reply to make clear that I do not agree with either the accuracy or completeness of your recollection.

As a few examples:

- On the phone call we had during the day, you told me I had not contacted you as required. I told you that I had called your office the night I received the first correspondence from you, at the curious hour of 6:00 PM on Friday. No one answered the phone
- I tried to find an attorney over the weekend, as the documents seemed to indicate that I needed to submit a response to you by the end of Monday and I was very unsure that I would be able to assure that I was complying completely and correctly
- I called your office on Monday and requested the courtesy of a slight delay so that I could

find some competent legal counsel to assist me and to assure that my responses and actions, due that day, were all in compliance with the court's requests

- You said "No"
- I asked if I could submit i) sworn assurances that I had neither destroyed the contents of the PC nor given anyone access to any of ArcSoft's proprietary information, ii) a hard drive and three thumb drives on which some of the PC's contents were backed up, iii) submit my best faith efforts to respond to the other requests from the court, and then have the courtesy of some minimal period during which I could speak with an attorney and submit any changes, additions, deletions, or anything else required to assure that my responses met the court's requirements
- You said "No"
- (I also called the court to request a delay, but a clerk who returned my call suggested only that I visit the court's website and read about how to submit requests and motions. The website seemed to require a login and be only for attorneys)
- You requested me to come to your office. I said I could come after six because "us working mortals have other things we need to do", or something to that effect
- I arrived at your office around 6:30, after calling to let you know I was running late
- I again told you I was ready to provide anything and everything the court required, but was not confident that I was competent to interpret exactly what was required, as I was not an attorney and did not yet have one, and some of the text seemed contradictory or unclear
- I told you at the start of your activities that I was very uncomfortable being there and being asked questions because I was unsure which questions I was required to answer by law, and which ones you were just trying to get me to answer for your client's potential benefit
- I asked if some one could take notes or otherwise record the meeting to avoid and disagreements about what occurred
- I was grilled by you over the course of five hours, in the presence of your colleague and your paid computer consultant
- You asked me questions as, to me, unreasonable as "What kind of files are in your Personal folder?"
- At one point I specifically said that "This all seemed very irregular"
- At one point this ambiguity became particularly clear. I asked whether I could have any assurance that submitting these things to you was sufficient to meet whatever requirements I had to submit the things to the court. When you seemed confused, I pointed out the point 2 of the court's order seemed to require me to submit certain things to you. I asked whether submitting these things to you was sufficient or if I also needed to submit them to the court. I pointed out that the text of several of the subsequent items mentioned things to be submitted to the court, with no mention of your firm. When you reread the order and turned bright red, I interpreted it to suggest that I was mistaken in submitting it to you. I requested that everything I had (apparently) mistakenly submitted and all of the answers I had (apparently) mistakenly answered be returned. You repeatedly pretended not to understand my request and said that to respond to me would be giving me legal advice
- I questioned whether the computer consultant was an independent third party, as you said, or a paid service provider for your firm or your client. I allowed him to copy the submitted drives and to access my personal e-mail account; providing the log-in and password
- I asked for assurances that my personal information on the devices not be accessed except as required by law
- You referred me to the order, suggesting that my submissions were incomplete, mentioning, for example, that all DVDs were required. I pointed out that it would be difficult, error prone, impractical and beyond my understanding of what the court wanted to provide lists of, and then the actual devices, in a class as broad as you suggested. I suggested what I though was a ludicrous example of my wife's camera, since it had memory to store digital

pictures.  You asked me to list everything that could store data and we compiled a list including iPods, children's DVDs and games, etc.  You then produced a form and asked me to write the list on the form, which I did

- Finally, you ended the meeting at around 11:30 after your computer consultant managed to copy "only a few percent" of my e-mails.  You denied my request that we complete everything that night

There are other parts of your note I dispute, but this list demonstrates some of the basis for my concern that your letter might become some 'official' indication of what occurred and what was said.  Clearly, it would have been much better to have this meeting with attorneys for both sides, or, at least, if I was required to be there even without an attorney, to clarify what was court required information and to record the proceedings, impartially, accurately and completely.

Finally, I want to, again, suggest that the better way to resolve the issues between ArcSoft and me would be to sit down and talk, rather than to continue your 'best defense is an offense' attack.

Regards,

- Paul

*"Sevey, Shannon S." <shannonsevey@paulhastings.com>* wrote:

Mr. Friedman:

Please see the attached letter.  Thank you.

Shannon S. Sevey | Paul, Hastings, Janofsky & Walker LLP | Five Palo Alto Square, Sixth Floor, Palo Alto, CA  94306| direct: (650) 320-1828| main: (650) 320-1800 | direct fax: (650) 320-1928 | shannonsevey@paulhastings.com| **www.paulhastings.com**

************************************************************  IRS Circular 230 Di transmission in error, please notify the   sender by reply e-mail and delete

# EXHIBIT H

**From:** Paul Friedman [paul-friedman@sbcglobal.net]
**Sent:** Wednesday, July 11, 2007 5:40 PM
**To:** Sevey, Shannon S.
**Subject:** RE: ArcSoft v. Friedman

it has never been my decision to represent myself.  i need professional legal advice and assistance to assure that i do everything required and do not do anything else.  that was the reason for my repeated requests for even a short delay in responding to you and the court, and my hesitance to meet with you or discuss anything related to this matter without knowing what i was actually required to do.

.regards,

- paul

*"Sevey, Shannon S." <shannonsevey@paulhastings.com>* wrote:

> Mr. Friedman:
> We received your 1:00 a.m. email, which you sent approximately 6 hours after confirming that you will not bring any other Electronic Storage Devices for forensic imaging, will not provide all certifications under penalty of perjury that the Court required you to provide by July 9, 2007, and otherwise will not comply with the clear and express terms of the Court's Order. Your attempts to create a further false record are noted and warrant no response.
> It has been your decision since being served with the Court's Order last Friday to represent yourself.  To the extent you believe that this strategy somehow excuses your conduct on the basis (which you have repeated from the start) that "you are not an attorney," a party who decides to represent himself is held to the same standard as those who are represented by counsel. Maxwell v. Norman Jacobson Realty Resources, Inc., 1996 WL 442249, 2 (9th Cir. 1996); King v. Atiyeh, 814 F. 2d 565, 567 (9th Cir. 1987).  Your actions to date, and your comment below about this lawsuit being a "good defense" are disturbing.
> At this point, we will not respond further to self-serving correspondence you may choose to send.
>
> Shannon S. Sevey | Paul, Hastings, Janofsky & Walker LLP | Five Palo Alto Square, Sixth Floor, Palo Alto, CA 94306 | direct: (650) 320-1828 | main: (650) 320-1800 | direct fax: (650) 320-1928 | shannonsevey@paulhastings.com| **www.paulhastings.com**
>
>> **From:** Paul Friedman [mailto:paul-friedman@sbcglobal.net]
>> **Sent:** Wednesday, July 11, 2007 1:03 AM
>> **To:** Sevey, Shannon S.
>> **Subject:** Re: ArcSoft v. Friedman
>>
>> Ms Sevey:
>>
>> I am not sure of the purpose of your note, but I feel compelled to reply to make clear that I do not agree with either the accuracy or completeness of your recollection.
>>
>> As a few examples:
>>
>> - On the phone call we had during the day, you told me I had not contacted you as required.  I told you that I had called your office the night I received the first