BRADFORD K. NEWMAN (SB# 178902)  bradfordnewman@paulhastings.com
SHANNON S. SEVEY (SB# 229319)  shannonsevey@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Five Palo Alto Square
Sixth Floor
Palo Alto, CA  94306-2155
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Attorneys for Plaintiff
ARCSOFT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARCSOFT INC.,<br><br>       Plaintiff,<br><br>   vs.<br><br>PAUL FRIEDMAN,<br><br>      Defendant. | **CASE NO. C07-03512 SC**<br><br>**[PROPOSED] ORDER GRANTING A PRELIMINARY INJUNCTION, SEIZURE OF EVIDENCE, CONTINUED EVIDENCE PRESERVATION, EXPEDITED DISCOVERY, AND RETURN OF BOND, AND**<br><br>**ORDER FINDING FRIEDMAN IN CONTEMPT AND GRANTING SANCTIONS** |

ORDER GRANTING PRELIM. INJUNC., EVID.
PRESERVATION, SEIZURE OF EVID., RETURN OF
BOND AND SANCTIONS FOR CONTEMPT

The Court, having considered the argument of Plaintiff ArcSoft Inc.'s ("ArcSoft") counsel and the papers submitted in support of its *ex parte* Application for Preliminary Injunction, Seizure of Evidence, Continued Evidence Preservation Order, Expedited Discovery Order, Sanctions, And Order To Show Cause Regarding Contempt Of Court, and for good cause shown,

## PRELIMINARY INJUNCTION

**THE COURT HEREBY FINDS:**

Based on the evidence submitted, the Court finds that if the following relief is not issued, and if Friedman is not enjoined, restrained and directed as follows, ArcSoft faces the threat of imminent and irreparable injury arising out of the potential destruction of evidence.  Now, therefore,

**IT IS HEREBY ORDERED:**

(1)    That Defendant Paul Friedman ("Friedman"), his agents, and all those acting in aid and concert with him are immediately enjoined from accessing, using, or disclosing to anyone any ArcSoft information that is in his current possession, custody, or control, and/or that he retained after being terminated by ArcSoft;

(2)    That, within three calendar days of the date of this Order, Friedman shall return to counsel for ArcSoft all information, data, or documents in his possession, custody, or control that he accessed or acquired, in whole or in part, in connection with his employment with ArcSoft, including, without limitation, the electronic data identified in response to Paragraph 3, below;

(3)    That, within three calendar days of the date of this Order, Friedman shall identify in a written statement made under penalty of perjury and delivered to counsel for ArcSoft each and every file and piece of electronic data (by name, hash marks, and any other identifying means) he accessed, removed, and/or copied from the ArcSoft laptop he retained following the termination of his employment ("Laptop"), as well as the current location of all such data;

(4)    That, within three calendar days of the date of this Order, Friedman shall identify in a written statement made under penalty of perjury with specificity (including the name of the program, the manufacturer, and the version number), and delivered to counsel for ArcSoft, the particular type of wiping program he used to delete data off of the ArcSoft Laptop, at what

-2-

1    precise date and time he used this wiping program, and the precise steps he took to execute the

2    program's deletion function;

3        (5)    That, within three calendar days of the date of this Order, Friedman shall identify

4    in a written statement made under penalty of perjury and delivered to counsel for ArcSoft all

5    Electronic Storage Devices (including but not limited to home computers, thumb drives, compact

6    discs or DVDs, hard drives, private email accounts (including Internet-based email accounts), and

7    other media capable of storing electronic data) in his possession, custody and control and/or to

8    which he has had access from January 1, 2007 to the present, to the extent he has not already done

9    so, and shall make such Electronic Storage Devices available to a third party forensic expert

10   retained by ArcSoft, so that the third party expert can forensically image (on a byte by byte basis

11   that includes slack and unallocated spaces of the Electronic Storage Devices) and preserve the

12   data on these Electronic Storage Devices for inspection;

13       (6)    That, within three calendar days of the date of this Order, Friedman shall identify

14   in a written statement made under penalty of perjury and delivered to counsel for ArcSoft, (A) all

15   persons (including himself and any attorney, whether or not such attorney be an immediate family

16   member or relative) who have been given access to any ArcSoft property (including the data

17   identified in Paragraph 3, above), (B) when such access occurred, and (C) what use was made of

18   such data by the identified persons.

19       (7)    This Preliminary Injunction shall remain in effect until the completion of a trial on

20   the merits of this action or until permanent injunctive relief is otherwise granted.

21

22               **ORDER TO SEIZE ELECTRONIC STORAGE DEVICES**

23   **THE COURT HEREBY FINDS:**

24   Based on Friedman's failure to produce all Electronic Storage Devices governed by the

25   Temporary Restraining Order entered by the Court on July 6, 2007 ("TRO") to the third party

26   forensic expert retained by ArcSoft for imaging, the Federal Marshall is hereby instructed to

27   immediately travel to the primary residence and any additional temporary or permanent

28   residences of Friedman, seize all Electronic Storage Devices found therein, and deliver the seized

1  Electronic Storage Devices to the third party forensic expert retained by ArcSoft for imaging.

2  Friedman is ordered to identify under penalty of perjury, in a written statement submitted to the

3  Federal Marshall and ArcSoft's counsel, the addresses of all such residences, and to take all steps

4  necessary to allow the Federal Marshall access to such residences. Friedman is further ordered to

5  refrain from accessing or instructing or allowing any other person to access any Electronic

6  Storage Devices in his possession, custody, or control before they are seized by the Federal

7  Marshall.

8

9                          **EVIDENCE PRESERVATION ORDER**

10  **IT IS FURTHER ORDERED THAT:**

11      (1)    That Friedman continue to be restrained, enjoined and prohibited from destroying,

12  altering, erasing, or otherwise modifying, or causing or permitting anyone else to destroy, alter,

13  erase, or otherwise modify, any evidence relating to this action, including, but not limited to:

14          (A)    Any and all data in computerized files stored or located on computers, USB

15  drives, external hard drives, or any other Electronic Storage Device or email account within the

16  possession, custody or control of Friedman, including, without limitation, any and all documents

17  relating to ArcSoft and/or its confidential and/or proprietary information;

18          (B)    Any and all documents maintained in hard copy form relating to ArcSoft

19  and/or its confidential and/or proprietary information; and

20          (C)    Computers, floppy diskettes, USB Flash Drives, external hard drives, or

21  other external storage devices within the possession, custody or control of Friedman.

22

23                      **ORDER GRANTING EXPEDITED DISCOVERY**

24  **IT IS FURTHER ORDERED THAT:**

25      (1)    ArcSoft may immediately serve upon Friedman the following written discovery:

26  fifteen (15) special interrogatories and fifteen (15) document requests. Friedman is ordered to

27  provide full, complete, and FRCP-compliant written responses to this discovery, and to produce

28  all documents that are responsive to ArcSoft's document requests, within five (5) calendar days of

1  the date of service.  ArcSoft shall serve its discovery requests on Friedman via PDF email

2  delivery, and such requests shall be deemed served immediately upon receipt.

3          (2)    ArcSoft may immediately serve upon Friedman notice of a deposition of him.

4  Friedman is ORDERED to appear in this judicial district for deposition at a time mutually

5  convenient to the parties and their counsel, but in no case later than six (6) calendar days from the

6  date of service of the deposition notice.  Service shall be made and deemed complete in the

7  manner described in Paragraph 1, above.

8

9          **ORDER FINDING FRIEDMAN IN CONTEMPT OF COURT AND**

10  **GRANTING SANCTIONS AGAINST FRIEDMAN**

11  **THE COURT HEREBY FINDS:**

12  Based on the evidence submitted, the Court finds that Friedman, after being personally served

13  with the TRO and all pleadings filed in this action on July 6, 2007:

14          1.    Caused the unavailability and/or altering or destruction of the contents of

15  Electronic Storage Devices by, on Saturday July 7, 2007, personally sending a computer

16  governed by the TRO to Hewlett Packard;

17          2.    Refused to describe under penalty of perjury, as mandated by the TRO, how he

18  "defragmented" the ArcSoft laptop computer during the time it was in his possession;

19          3.    Refused to describe under penalty of perjury, as mandated by the TRO, his own

20  access to ArcSoft data he possessed following the termination of his employment, and failed to

21  identify under penalty of perjury the access he provided to others;

22          4.    Connected an external storage device containing ArcSoft data to a computer to

23  which he had access and attempted to access ArcSoft data;

24          5.    Admitted that he possesses additional Electronic Storage Devices which he refused

25  to produce for forensic imaging;

26          6.    Delayed access by the third party forensic expert retained by ArcSoft to his

27  personal email account which he admits contains stored ArcSoft data, to allow the Court-ordered

28  forensic imaging; and

7.    The above constitutes violations of the TRO which the Court deems to be willful, and constitutes contempt of this Court;

Now, therefore,

**IT IS FURTHER ORDERED THAT:**

Pursuant to the Court's inherent authority to enforce its own order and control its proceedings, Friedman shall pay sanctions in the amount of \$_____ to ArcSoft within five (5) calendar days of the date of this Order, and shall pay to the Court sanctions in the amount of \$_____ per day until such time as the Court determines Friedman is in full compliance with the TRO or that ArcSoft, by and through its counsel, no longer disputes Friedman's full and complete compliance with the TRO.

### ORDER REGARDING RETURN OF BOND POSTED BY ARCSOFT

**IT IS FURTHER ORDERED THAT:**

Based on the evidence presented to the Court of Friedman's failure to comply with the July 6, 2007 Order of the Court, the Court finds that good cause existed for ArcSoft to seek a temporary restraining order and preliminary injunctive relief. Therefore, the clerk of the United States District Court, Northern Division is hereby ordered to return the bond of Twenty-Five Thousand Dollars (\$25,000) to ArcSoft within fifteen (15) court days of the date of this Order.

**IT IS SO ORDERED.**

Entered this _____ day of July, 2007.

_____
The Honorable Samuel Conti
United States District Court Judge